UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaTAUSHA SIMMONS,

    Plaintiff,

v.

CITY OF DETROIT et al.,

    Defendants.

Case No. 25-51259
Honorable Laurie J. Michelson

---

**ORDER DENYING LEAVE TO FILE COMPLAINT [1], DISMISSING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AS MOOT, AND DISMISSING CASE**

---

LaTausha Simmons requested leave of this Court to file a new pro se civil suit on October 7, 2025, alleging malicious prosecution and other constitutional violations under 42 U.S.C. § 1983, as well as assault, battery, and negligence against the City of Detroit and various Detroit police officers. (ECF No. 1.) There is nothing new about this filing. Simmons is a "prolific filer of frivolous lawsuits" who has raised similar claims many times before. *Simmons v. City of Warren*, No. 19-11531 (E.D. Mich. Apr. 4, 2025), ECF No. 127, PageID.2609–2614 (detailing Simmons' four lawsuits just in response to her 2016 arrest and thirteen additional complaints, all seventeen of which were summarily dismissed). As such, this Court enjoined Simmons from filing a new action in the Eastern District of Michigan without first obtaining leave from the Court. *Simmons*, No. 19-11531, ECF No. 134, *available on this docket at* (ECF No. 1-2).

Because Simmons did not comply with the requirements for obtaining leave of court, the Court will DENY Simmons leave to file a complaint.

## I.

The Sixth Circuit has made clear that "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *United States ex rel. Odish*, 843 F. App'x 748, 750 (6th Cir. 2021) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)). A pre-filing restriction is permissible because it prevents frivolous litigation while still providing access to the courts. *Ingram v. Bridgeforth*, No. 21-2505, 2021 WL 5862097, at *3 (W.D. Tenn. Sept. 14, 2021), *report and recommendation adopted,* No. 21-2505, 2021 WL 4705286 (W.D. Tenn. Oct. 8, 2021) (collecting cases).

Here, the Court imposed several pre-filing restrictions on Simmons. Less than five months ago, it entered an injunction order, explaining that, to obtain leave to file new lawsuits in this District, Simmons must:

(1) file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint;

(2) attach as an exhibit to that motion a declaration under 28 U.S.C. § 1746 or an affidavit certifying that her complaint is not prohibited by the permanent injunction, and that it is not frivolous or made in bad faith;

(3) identify and list in a second exhibit: the full caption of every suit which has been previously filed by her or on her behalf in any court against every defendant in the suit that she wishes to file, and the full caption of every suit which she has currently pending;

(4) provide, in a third exhibit, a copy of each complaint covered by the preceding paragraph and a certified record of its disposition. She must serve a copy of this order on each defendant if leave to serve is granted;

    (5) append the order granting the permanent injunction to any new action that she may hereinafter file in any court.

*Simmons*, No. 19-11531, ECF No. 134, PageID.2636–2637, *available on this docket at* (ECF No. 1-2, PageID.40–41). While Simmons is presently appealing this injunction, it remains in effect.

    Simmons acknowledges these requirements and indeed attached the Court's injunction order to her motion. (*See* ECF No. 1-2.) But she nonetheless failed to follow the requirements here. Simmons is required to include the caption and complaint of her previous and pending lawsuits and failed to do so. *Compare Simmons*, No. 19-11531, ECF No. 134, PageID.2636–2637, *with* (ECF No. 1-2, PageID.3–6.) Instead, Simmons merely states that she "does not have the resources, financial resources or physical ability to list every suit previously filed in any court by her . . . nor every suit pending." (ECF No. 1-2, PageID.6.) This argument is unavailing. While Simmons may find the pre-filing requirements burdensome, they are necessary so that the Court can efficiently and properly determine whether or not this is a frivolous filing in violation of the injunction. By requiring an enjoined filer to provide the Court with this information, it guards against "[j]udicial resources [being] unnecessarily expended if Plaintiff continues to engage in repetitive filings raising the same claims and arguments." *Sifuentes v. Midland Cnty. 42nd Cir. Ct.*, No. 20-11745, 2024 WL 5166638, at *2 (E.D. Mich. June 3, 2024) (denying motion to vacate enjoined filer status). As an enjoined filer, Simmons must at minimum comply with the pre-filing requirement and list all previous and pending lawsuits when requesting leave of court. Her failure to do so is reason alone to deny her motion.

And without providing her prior and pending lawsuits, the Court cannot certify that Simmons complied with another pre-filing requirement: that the proposed complaint not be frivolous. *See Simmons*, No. 19-11531, ECF No. 134, PageID.2636 (barring complaints that are "frivolous or made in bad faith"). The Court is also concerned that her proposed complaint seeks to relitigate already-decided issues or issues currently on appeal because she has engaged in redundant litigation before. *See e.g. Simmons*, No. 19-11531, ECF No. 127, PageID.2609 ("this is one of four cases that Simmons has filed about the 2016 arrest."). Further, the proposed complaint raises nearly identical legal claims to the ones this Court rejected earlier this year when it enjoined her from filing. *Compare Simmons*, No. 19-11531, ECF No. 127, PageID.2574–2575, 2617 (rejecting Simmons' "municipal liability and failure-to-intervene claims against Warren and Macomb . . . [and] claims against the officers under 42 U.S.C. § 1983 for excessive force, failure to intervene, false arrest, false imprisonment, and malicious prosecution, as well as state-law claims of assault and battery, intentional infliction of emotional distress, and gross negligence"), *with* (ECF No. 1, PageID.12–36 (raising municipal liability and failure-to-intervene claims against the City of Detroit and various § 1983 claims, including malicious prosecution, as well as state-law claims of assault, battery, intentional infliction of emotional distress, and various negligence claims).) Plus, Simmons is currently appealing decisions in her previous case (and possibly in others) to the Sixth Circuit. *Simmons*, No. 19-11531, ECF Nos. 139, 140, 141, 144, 146. By failing to include exhibits of all past and pending case captions and complaints, and in light of

4

Simmons' enjoined filer status, past litigation behavior, and current appeals, the Court cannot certify that Simmons satisfied the pre-filing requirement that the proposed complaint not be frivolous.

## II.

Simmons also filed an application to proceed without prepayment of fees or costs. (ECF No. 2.) In this application, she alleges that she has no income, savings, or assets. (*Id.*) But because the Court is not granting Simmons leave to file this new case, it need not rule on this application.

## III.

For the foregoing reasons, the Court DENIES Simmons' motion for leave to file a new complaint, DISMISSES AS MOOT her request to proceed without prepayment of fees and costs, and DISMISSES Simmons' proposed complaint.

SO ORDERED.

Dated: October 16, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE